UNITED STATES DISTRICT COURT FOR THE
Northern District OF NEW YORK

------------------------------------------------------------------------x Civil Action No.: 1:23-cv-00843

Freedom Mortgage Corporation,

                                      Plaintiff,        **JUDGMENT OF FORECLOSURE AND SALE**

Cameron L. Woodruff

                                 Defendant(s).

------------------------------------------------------------------------x

**Property Address:** 1 2nd Avenue, Mayfield, NY 12117
**Mortgage Servicer as of October 9, 2023:** Freedom Mortgage
**Telephone Number:** 1-855-690-5900

      Plaintiff having moved this Court for default Judgment of Foreclosure and Sale pursuant to FED R. CIV. P. 55. and Pursuant to New York Real Property Law (RPAPL) 1351 and 1354.

      **UPON** the Summons In a Civil Action (the "Summons") filed in this action on July 14, 2023 and Complaint (the "Complaint") filed in this action on July 13, 2023 and on the Notice of Pendency filed in the Fulton County Clerk's office on July 27, 2023 and the Notice of Motion dated October 9, 2023, the declaration by Robert Tremaroli, Esq., the affidavit of merit and amount due by Heather Marie Diaz, who is a FCL Specialist III of Freedom Mortgage, duly sworn to on September 22, 2023, together with the exhibits annexed thereto, all in support of Plaintiff's motion a Judgment of Foreclosure and Sale; and

      **UPON** proof that each of the defendants herein has been duly served with the Summons and Complaint in this action, and has not served any answer to the Complaint or otherwise appeared, nor had their time to do so extended; and it appearing that more than the legally required number of days has elapsed since said Defendant, Cameron L. Woodruff, was so served and/or appeared; and Plaintiff having established to the court's satisfaction that a judgment against

defendants is warranted;

**UPON** the affidavit of mailing reflecting compliance with CPLR §3215(g)(3)(i) and/or §3215(g)(4)(i); and

**UPON** proof that non-appearing defendant, Cameron L. Woodruff, is not absent, in accordance with RPAPL §1321(2); and  in accordance with FED R. CIV. P. 55

**UPON** proof of due notice of this motion upon all parties entitled to receive same, and upon all the prior proceedings and papers filed herein;

**UPON**, Plaintiffs establishment to its entitlement to a Judgment of Foreclosure and Sale; and

The Amount due on the Note and Mortgage as of October 20, 2023 the total amount $187,962.90, broken down as follows:

| | | |
|---|---|---:|
| Principal Balance | $ | 177,760.41 |
| Interest from 8/1/2022 to 10/20/2023 at 2.6250% rate | $ | 5,611.19 |
| Total Escrow Advances | $ | 4,383.00 |
| Property Inspections | $ | 120.00 |
| Late Charges Prior to Acceleration | $ | 88.30 |
| **Total Default** | **$** | **187,962.90** |

**NOW**, on motion by, Robert Tremaroli, Esq.,  attorney for the  Plaintiff, it is hereby

**ORDERED**, **ADJUDGED AND DECREED**, that the Plaintiff's Motion is hereby granted; and it is further

## Sale Instructions

**ORDERED**, **ADJUDGED AND DECREED,** that the mortgaged property described in the Complaint and as hereafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of this action as provided by the RPAPL §1351 be sold, in one parcel, at a public auction at the Fulton County Courthouse, 223 West Main Street, Johnstown, NY by and under the direction of Joseph A. Frandino, Esq. 20 Castleberry Drive, Gansevoort, NY 12831-2531, 518-361-5839 who is hereby appointed Referee for that purpose; that said Referee give public notice of the time and place of sale in accordance with RPAPL §231 in The Leader - Herald; and it is further

## Initial Bid Instructions

**ORDERED, ADJUDGED and DECREED** that the Referee shall accept at such sale the highest bid offered by a bidder who shall be identified upon the court record and shall require that such successful bidder immediately execute Terms of Sale for the purchase of the premises and pay to the Referee, in cash or certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is the plaintiff in which case no deposit against the purchase price shall be required; and it is further

## Subsequent Bid Instructions

**ORDERED, ADJUDGED and DECREED** that in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject premises or fails to immediately pay the ten percent (10%) deposit as required, the premises shall immediately and on the same day be reoffered at auction; and it is further

### Closing of Title

**ORDERED, ADJUDGED and DECREED** that the closing of title shall take place at the office of the Referee or at such other location as the Referee shall determine and the closing of title and filing of the Referee's deed shall be made within thirty (30) days after such sale unless otherwise stipulated to by all parties; and it is further

### Deposit of Funds

**ORDERED, ADJUDGED and DECREED** that the Referee shall deposit all funds received pursuant to this Judgment of Foreclosure and Sale in the Referee's IOLA account; and it is further

### Payment from Funds

**ORDERED, ADJUDGED and DECREED** that the Referee on receiving the proceeds of such sale shall cause to be paid promptly therefrom:

**FIRST:**   The statutory fees and commissions of the Referee pursuant to CPLR §8003(b) in the amount of $750.00.  In the event a scheduled sale is cancelled or postponed by a person or entity other than the Referee, pursuant to CPLR §8003(a) the plaintiff shall pay to the Referee the sum of $250.00 for each adjournment or cancellation. Such compensation may be recouped from the proceeds of sale as a cost to plaintiff. This Judgment of Foreclosure and Sale constitutes the necessary prior authorization for compensation as set forth herein. No compensation totaling in excess of $1,100.00, including compensation authorized pursuant to CPLR §8003(a) for computation of the sum due to plaintiff, may be accepted by the Referee without Court approval.

**SECOND:**   The reasonable expenses of the sale, including the cost of advertising as shown on the bills presented and certified by the Referee to be correct, copies of which shall be

annexed to the Report of Sale. The Referee shall not be held responsible for the payment of penalties or fees pursuant to this appointment. The Purchaser shall hold the Referee harmless from any such penalties or fees assessed.

**THIRD:** Pursuant to RPAPL §1354 in accordance with their priority according to law, all taxes, assessments, sewer rents, water rates and any other charges placed upon the premises by any municipal authorities having priority over the foreclosed mortgage and which are liens on the premises at the time of sale, with such interest or penalties that lawfully may have accrued thereon to the date of payment.

**FOURTH:** as limited herein, to the plaintiff or its attorneys

**(a)** the sum of **$ 628.05** for costs and disbursements in this action to be taxed by the Clerk, with interest from the date hereof;

**(b)** the sum of **$ 187,962.90,** the amount approved by the Court as due, together with interest thereon pursuant to the terms of the Note from **October 21, 2023,** the date to which interest was calculated in the Plaintiff's affidavit through the date of entry of this Judgment of Foreclosure and Sale, and thereafter at the statutory post-judgment rate to the date of transfer of title, or so much thereof as the purchase money of the mortgaged premises will pay of the same;

**(c)** the sum of **$ 5,225.00** hereby awarded to the plaintiff as reasonable legal fees as provided for in the Mortgage;

**(d)** the amount of any advances provided for in the Note and Mortgage that plaintiff may have made for taxes and insurance, and amounts due to prior mortgagors, upon presentation to the Referee of receipts for these expenditures;

**(e)** the amount of any advances provided for in the Note and Mortgage that plaintiff reasonably may have made to maintain the premises pending consummation of the foreclosure sale upon presentation to the Referee of receipts for these expenditures.

**Report of Sale**

**ORDERED, ADJUDGED and DECREED** that the Referee shall timely file the Referee's Report of Sale; and it is further

**Plaintiff as Purchaser**

**ORDERED, ADJUDGED and DECREED** that in the event plaintiff purchases the mortgaged premises at the sale, the Referee shall not require the plaintiff to pay in cash the entire amount bid at the sale but shall execute and deliver to the plaintiff a deed of the premises sold upon payment to the Referee of the sum awarded under the above provisions marked "FIRST," "SECOND," and "THIRD," if such expenses were paid by the Referee, or in lieu of the payment of the last mentioned amounts, upon filing with the Referee receipts of the proper municipal authorities showing payment thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments to the Referee shall be allowed to the plaintiff and applied by the Referee upon the amounts due to the plaintiff as specified in item marked "FOURTH." If upon applying the balance of the amount bid, there is a surplus over the and above the amounts due to plaintiff, then upon delivery to plaintiff of the Referee's deed, plaintiff shall pay to the Referee the amount of such surplus, which amount shall be applied by the Referee, upon motion made pursuant to RPAPL §1351(3), and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the premises pursuant to RPAPL §1354(3), which payment shall be reported in the Referee's Report of Sale. Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with RPAPL §1354(4) and the Referee shall immediately give notice of such surplus to the owner of the mortgaged premises as identified by plaintiff at the time of the sale; and it is further

**Surplus Monies**

**ORDERED, ADJUDGED and DECREED** that the Referee shall take and file with the Referee's Report of Sale plaintiff's receipt(s) for the amounts paid as directed in item marked "FOURTH," and the Referee shall deposit the surplus monies, if any, with the Fulton County

Treasurer/Clerk, to the credit of this action, within five (5) days after receipt unless such period is deemed extended by the filing of an application for additional compensation, to be withdrawn only upon order of this Court; and the Referee shall make the Referee's Report of Sale under oath showing the disposition of the proceeds of the sale accompanied by the vouchers of the person(s) to whom payment was made and file with the Court within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser or within thirty (30) days of a decision of this Court with respect to any application for additional compensation; and it is further

### Foreclosure Action Surplus Monies Form

**ORDERED, ADJUDGED and DECREED** that the Referee shall complete the Foreclosure Action Surplus Monies Form to be filed by the plaintiff herein**;** and it is further

### Deficiency Judgment Application

**ORDERED, ADJUDGED and DECREED** that if the proceeds of the sale are insufficient to pay the amount reported by the Referee as due to plaintiff, the plaintiff may apply to the Court to recover the whole or such part of the deficiency as prescribed by RPAPL §1371; and it is further

### Possession

**ORDERED, ADJUDGED and DECREED** that the purchaser(s) at the foreclosure sale be let into possession of the premises on production of the Referee's deed; and it is further

### Claims Barred

**ORDERED, ADJUDGED and DECREED** that the defendant(s) in this action, and all persons claiming under any of them after the filing of the Notice of Pendency of this action, be and hereby forever are barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the mortgaged premises and each and every part thereof; and it is further

### Conditions of Sale

**ORDERED, ADJUDGED and DECREED,** that the terms of sale to the extent they do not contradict this judgment of violate any law, shall be binding in all respects on the purchaser; and it is further

**ORDERED, ADJUDGED and DECREED** that the premises be sold in "as is" physical order and condition on the day of sale, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show, any covenants, restrictions, declarations, reservations, easements, right of way and public utility agreements of record, any building and zoning ordinances of the municipality in which the mortgaged premises are located and possible violations of same, any rights of tenants or persons in possession of the subject premises, prior liens of record, if any, except those liens addressed in RPAPL §1354, and any equity of redemption of the United States of America to redeem the premises within one hundred twenty (120) days from the date of sale. Risk of loss shall not pass to purchaser until closing of title; and it is further

### Referee Qualification

**ORDERED, ADJUDGED and DECREED** that by accepting this appointment, the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge of the State of New York including but not limited to 22 NYCRR § 36.2(c) ("Disqualifications from appointment) and 22 NYCRR §36.2(d) ("Limitations on appointments based upon compensation"); and it is further

### Service of Judgment of Foreclosure and Sale

**ORDERED, ADJUDGED and DECREED** that a copy of this Judgment of Foreclosure and Sale with notice of entry shall be served no less than thirty (30) days prior to sale upon the

designated Referee, the owner of the equity of redemption as of the date of this Judgment of Foreclosure and Sale, any tenants named in this action, and any other party entitled to notice; and it is further

### Service of Notice of Sale

**ORDERED, ADJUDGED and DECREED** that plaintiff shall serve a copy of the Notice of Sale upon the owner of equity of redemption at the owner of equity of redemption's last known address and at the property address, and an affidavit of such service shall be filed at least ten (10) days prior to the scheduled sale; and it is further

### Recording of the Judgement

**ORDERED, ADJUDGED and DECREED**, that the Fulton County Clerk is hereby directed to record a copy of this Judgment against the land records for the subject property.

Dated: February 23, 2024

Glenn T. Suddaby
U.S. District Judge

**ALL THAT CERTAIN TRACT, PIECE OR PARCEL OF LAND,** situate, lying and being in the Village of Mayfield, County of Fulton and State of New York, bounded and described as follows:

Beginning at the southeast corner of Second Avenue and Maple Avenue; running thence southerly along Maple Avenue a distance of one hundred three (103) feet, more or less, to lands now owned by Agor; thence easterly along the north line of said lands of Agor a distance of one hundred fifteen (115) feet, more or less, to lands now owned by Charles Henderson, and Dolores Goss, formerly owned by Bennett; thence northwesterly along the west line of said lands of Henderson and Goss and continuing along the west line of said lands of other lands formerly of Bennett, now of Barton Warner and Valerie Warner a distance of one hundred thirty-three (133) feet, more or less, to second Avenue; thence westerly along Second Avenue a distance of seventy-six (76) feet, more or less, to the point and place of beginning.

**BEING** the same premises conveyed to Deborah Williams from Frederick R. Bellen and Nancy L. Bellen by Deed dated December 17, 1998 and recorded in the Fulton County Clerk's Office on December 17, 1998 in Book 821 of Deeds at Page 63.

Tax Parcel ID: 104.13-14-5